UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 07-409-C

BRENDA GREEN,                                                                              PLAINTIFF,

V.                         **MEMORANDUM OPINION AND ORDER**

G2 SECURE STAFF, LLC,                                                                DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motions for leave to amend the complaint and to remand. DE 5, 6. The court, having reviewed the record and being sufficiently advised, will grant both motions and remand the case to the Jefferson Circuit Court.

**I. Factual Background and Procedural History**

The plaintiff, Brenda Green, filed this suit in Jefferson Circuit Court in July 2007, alleging violations of the Kentucky Civil Rights Act. G2 Secure Staff, LLC ("G2") is a Texas corporation whose principal place of business is in Texas, while the plaintiff and G2's employee, Kevin Chladek, are citizens of Kentucky. G2 removed this matter to this court on August 2, 2007, alleging diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, 1446. On August 14, 2007, the plaintiff moved to amend her complaint to add Kevin Chladek as a defendant, and moved to remand the case to state court.

The complaint is ambiguous regarding who is named as a defendant in the

1

action. Some parts of the complaint refer to G2 as the only defendant, while other parts include Chladek as a defendant. For example, the caption of the complaint names G2 as the only defendant, and the complaint's first line lists G2 as the defendant being sued. The complaint does not mention Chladek until paragraph 4, where it refers to him as a defendant.[1] Throughout the complaint, the plaintiff refers to "the defendant" in singular form, but it is not always clear that the reference is to G2 rather than Chladek. In paragraphs 34 and 35 of the complaint the plaintiff refers to Chladek as a defendant and states that he violated a specific section of the Kentucky Civil Rights Act.

Additionally, it is not clear whether Kevin Chladek was served as a defendant in the action. Two civil summonses were executed; one was served on the registered agent for G2, Capitol Corporate Services, Inc., and the other on G2's employee, Kevin Chladek. The defendant argues that both summonses were meant to serve process on G2 and that Chladek was served merely as a representative of the corporation. G2 points out that Chladek's name is listed on the summons as a "Service of Process Agent for Defendant," and that G2 is the only defendant listed in the caption of the summons served on Chladek. The plaintiff responds that Chladek was served in his individual capacity. Chladek was served with the summons, whether for himself or G2, and he received a copy of the complaint which in its body refers to him as a defendant. Thus, Chladek received notice of

---

[1] Paragraph 4 of the Verified Complaint states: "Defendant Kevin Chladek is a resident of Bullitt County, Kentucky."

the ongoing proceeding.

## II. Motion to Amend the Complaint

Since Chladek was not named in the caption of the complaint, he is not properly joined as a defendant to this action. The plaintiff is moving for leave to amend her complaint to cure the defect by adding Chladek's name to the caption.

Leave to amend a complaint is freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test [her] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court will generally allow amendments to a complaint in order to hear the plaintiff's claims on the merits. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). It is in the court's discretion whether to allow the plaintiff to join a defendant who would destroy subject matter jurisdiction, but if the court allows it then the court must remand the action to state court. 28 U.S.C. § 1447(e).

The plaintiff is moving to amend the original complaint to name Chladek in the caption as a defendant. The Kentucky and Federal Rules of Civil Procedure require that the caption of a complaint include the names of all parties to the action. *See* Fed. R. Civ. P. 10(a); Ky. R. Civ. P. 10.01. Failure to include the name of a defendant is a violation of the rule. *See Carrigan v. California State Legislature*, 263 F.2d 560, 567 (9th Cir. 1959); *Klingler v. Yamaha Motor Corp.*, 738 F. Supp. 898, 910 (E.D. Pa. 1990) (striking references to fictitious parties

from the body of complaint where they were not named as defendants in the caption). When a party violates state and federal rules by not naming a party in the caption of the complaint, the way to correct that error is to file an amended complaint. *Kedra v. City of Philadelphia*, 454 F. Supp. 652, 657 n.1 (E.D. Pa. 1978) (stating that naming a plaintiff in the body of the complaint but not in the caption is a violation of federal rules that "should be corrected by amendment"); *see also Fuson v. VanBebber*, 454 S.W.2d 111, 112 (Ky. 1970) (allowing amendment of the caption where it failed to name all the plaintiffs who stated claims in the body of the complaint). The plaintiff's tendered amended complaint properly corrects a violation of the rules by adding Chladek's name to the caption of the complaint.[2]

G2 contends that the plaintiff's purpose in amending the complaint is to destroy federal jurisdiction, and additionally argues that the amended complaint fails to allege a cause of action against Chladek and is futile. The court will permit the plaintiff to amend her complaint unless Chladek is fraudulently joined as a defendant.

### III. Fraudulent Joinder

G2 asserts that Chladek was fraudulently joined by the plaintiff to destroy

---

[2] The amended complaint also changes paragraphs 34 and 35. G2 argues that the original complaint's language "seems to allege that G2 and Chladek conspired with one another," but G2's use of the word "seems" demonstrates that its interpretation is not the only way the original claim can be read. The amendment does not substantively alter the claim; it simply removes G2 from the claim asserted under that section of the Act.

4

complete diversity. In order to prove fraudulent joinder, the removing party, who has the burden of establishing federal jurisdiction, must show that the plaintiff cannot establish a cause of action against Chladek under Kentucky law. *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940 (6th Cir. 1994); *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 695-96 (W.D. Ky. 2000) (citing *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). If there is any basis on which the plaintiff could prevail against Chladek, the court must remand this action. *See Coyne*, 183 F.3d at 493. In determining whether the plaintiff has a colorable cause of action against Chladek, the court must resolve factual disputes in favor of the plaintiff. *Id.*

The plaintiff claims that Chladek violated the Kentucky Civil Rights Act, specifically KRS 344.280(2) which states that it is unlawful "for a person . . . [t]o aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this chapter." Subsection one of KRS 344.280 imposes liability on individuals, and this court has extended that analysis to apply to subsection two. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000); *Adams v. United Parcel Service*, No. 1:06CV-46-R, 2006 WL 1687699, at *2-3 (W.D. Ky. June 19, 2006). The plaintiff is suing Chladek individually, under subsection two of the statute, for conspiring to violate Kentucky law, and the claim relates to the plaintiff's employment by G2.

The plaintiff asserts that Chladek conspired with another person to engage in

5

unlawful conduct under the Kentucky Civil Rights Act.  *See* KRS344.280(2).  G2 argues that the complaint fails to state a claim against Chladek because he cannot conspire with his employer or co-employees according to the intra-corporate conspiracy doctrine.  However, the plaintiff does not specifically allege that Chladek conspired with G2 or a co-employee.  She does claim that Chladek conspired with a person but does not specify the co-conspirator.  G2 additionally argues that Chladek could not have conspired with an individual to violate any of the statutory sections under which the plaintiff claims injury because the sections relate to actions by "employers."  However, Chladek could be liable for conspiring with another person to violate a section of the Act under which the plaintiff has not stated a separate claim.

The court will not determine whether the plaintiff will prevail against Chladek, but does find that the plaintiff has made "allegations, which if proven, would provide a reasonable basis for a finding of liability against [Chladek]."  *Sprowls*, 119 F. Supp. 2d at 697.  The plaintiff has stated a colorable claim against Chladek and thus he was not fraudulently joined.  Therefore, the court will grant the plaintiff's motion for leave to file its amended complaint.  The plaintiff's amended complaint is thus deemed filed, and Chladek, a citizen of Kentucky, is a properly named defendant.

**IV. Motion to Remand**

For the court to have diversity jurisdiction, the citizenship of all plaintiffs

6

must be different from that of all defendants. 28 U.S.C. § 1332; *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989).  As the removing party, the defendant bears the burden of proving the existence of federal jurisdiction.  *See Eastman v. Marine Mechanical Corp.,* 438 F.3d 544, 550 (6th Cir. 2006)*; Long v. Bando Mfg. of Am. Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).  Removal statutes are construed narrowly, and doubts about the propriety of removal are resolved in favor of remand.  *See Long*, 201 F.3d at 757*.*  The court looks at the record as it stood at the time of removal to determine whether removal was proper.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("second amended complaint should not have been considered in determining the right to remove"); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (finding that the court looks to the complaint at the time of removal).  However, if diversity is destroyed by the addition of a non-diverse party then the court no longer has jurisdiction and must remand the case. 28 U.S.C. § 1447(c).

The parties in this action were completely diverse at the time of removal because Chladek was not properly joined as a defendant.  However, Chladek was not fraudulently joined and the plaintiff has amended her complaint to name him as a defendant.  Chladek's presence as a party destroys diversity because he and Green are both citizens of Kentucky.  Therefore, there is not complete diversity among the parties and the court lacks subject matter jurisdiction.  Therefore, the court will remand the matter to state court.  Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to file an amended complaint (DE 5) is **GRANTED and** the plaintiff's amended complaint is **DEEMED** filed as of the date of this order.

**IT IS FURTHER ORDERED** that the plaintiff's motion to remand (DE 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Jefferson Circuit Court.  The Clerk is **DIRECTED** to transmit the file to Jefferson Circuit Court.

**IT IS FURTHER ORDERED** that this matter is **STRICKEN** from the court's active docket.

Signed on  March 21, 2008

**Jennifer B. Coffman, Judge**
**United States District Court**

8